1                    UNITED STATES DISTRICT COURT

2                  FOR THE DISTRICT OF CONNECTICUT

3    _____

4

5    United States of America,

6                        Plaintiff,        NO. 3:22-CR-71-SVN

7    v.                                    SENTENCING HEARING

8    Glencore Ltd,                         HARTFORD, CONNECTICUT

9                        Defendant.        September 23, 2022

10   _____

11                 VERBATIM REPORT OF PROCEEDINGS
                 BEFORE THE HONORABLE SARALA NAGALA
12                 UNITED STATES DISTRICT JUDGE
13   _____

14   APPEARANCES:

15   For the Plaintiff:
                                Jonathan N. Francis
16                              U.S. Attorney's Office
                                157 Church St., 25th Floor
17                              New Haven, CT  06510

18                              Matthew F. Sullivan
                                U.S. Department of Justice
19                              1400 New York Ave N.W.
                                Washington, DC  20005
20

21   For the Defendant:    Christopher R.L. Davies
                           Howard Shapiro
22                         Wilmer Cutler Pickering Hale & Dorr
                           1875 Pennsylvania Ave
23                         Washington, DC  20006

24

25   For U.S. Probation:   Xenia Gray

1

2    Reported by:              Denae Hovland, RPR, RMR, CRR
                              Federal Court Reporter
3                             701.840.9786
                              denae_hovland@ctd.uscourts.gov
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              THE COURT:  Good morning.

 2              MR. DAVIES:  Good morning, Your Honor.

 3              MR. FRANCIS:  Good morning, Your Honor.

 4              THE COURT:  We are here in Case No. 3:22-CR-71,

 5   United States of America vs. Glencore, Limited.  Let me

 6   begin with an appearance of counsel for the government,

 7   please.

 8              MR. FRANCIS:  Good morning, Your Honor, Jonathan

 9   Francis for the government.  With me at counsel table is

10   Matthew Sullivan from the fraud section.

11              MR. SULLIVAN:  Good morning.

12              THE COURT:  Good morning to both of you.  Can I

13   have an appearance of counsel for Glencore, please?

14              MR. DAVIES:  Chris Davies from Wilmer Hale on

15   behalf of Glencore.  With me is my partner, Howard

16   Shapiro.  On the far left is the group general counsel of

17   Glencore, Shaun Teichner, and Cheryl Driscoll, whom you

18   met before, is the corporate secretary of Glencore,

19   Limited is here as well.

20              THE COURT:  Good morning to all of you.  The

21   record should also reflect that we have present with us in

22   the courtroom United States Probation Officer Xenia Gray,

23   who is the author of the presentence report in this case.

24              Let's begin, AUSA Francis, with a question about

25   whether there are any victims who have rights in regard to
```

1     this proceeding under the Crime Victims Rights Act such

2     that the government had notification obligations this

3     morning.

4              MR. FRANCIS:  So the short answer is no, Your

5     Honor.  The slightly longer answer that we talked about a

6     little bit at the plea was that there is one identifiable

7     victim.  The government's understanding is that the

8     defendant resolved with that victim recently.  There were

9     some filings on the docket about that.  And then there are

10    potentially numerous unidentified or unidentifiable

11    victims and no one has come forward to the government that

12    I'm aware of seeking to be heard.

13             THE COURT:  Okay.  With respect to the one

14    identified victim, that person is aware that the

15    proceeding was happening today, I presume, in light of the

16    filings that have been made on the docket concerning the

17    agreement -- settlement agreement with that victim

18    concerning possible restitution; correct?

19             MR. FRANCIS:  Yes, counsel for that entity is

20    aware.

21             THE COURT:  All right.

22             MR. FRANCIS:  Thank you.

23             THE COURT:  Thank you.  Okay.  So let me just

24    talk about briefly how I expect things to go today.  First

25    I'm going to recite the procedural history of the case and

1  discuss what I've reviewed in advance of today's

2  sentencing.  Then I will ask Glencore's counsel and any

3  representative of Glencore if you've read and reviewed the

4  presentence report and provided any comments that you had

5  on it to Officer Gray.

6          I will talk about the maximum penalties that

7  apply to this offense and I'll do the calculation of the

8  Sentencing Guidelines.  I will give both the government

9  and Glencore an opportunity to be heard about what you

10  believe is the appropriate sentence in this case and why

11  the court should accept the stipulated sentence in the

12  plea agreement, and a representative of Glencore may speak

13  at that time, but is not required to.

14          And then at the end I will officially decide

15  whether or not to accept the plea agreement.  I'll preview

16  for you at this time that I do believe I will accept it,

17  and I will explain the reasons that I believe that the

18  sentence is appropriate.

19          And so does anybody have any questions about the

20  order of things or how the proceeding will go this morning

21  before we start?

22          MR. FRANCIS:  No, Your Honor.

23          MR. DAVIES:  No, Your Honor.

24          THE COURT:  All right.  So with respect to the

25  procedural history, on May 24th of 2022, Ms. Driscoll as

1    the corporate secretary and representative of Glencore

2    appeared before me and pleaded guilty on behalf of

3    Glencore to a one-count Information charging Glencore with

4    Conspiracy to Commit Commodity Price Manipulation in

5    violation of Title 18, United States Code, Section 371.

6    The plea agreement was a binding plea agreement pursuant

7    to Federal Rule of Criminal Procedure 11(c)(1)(C).

8              A presentence report was prepared for the Court

9    by the United States Probation Office.  The parties had

10   agreed on an expedited PSR process, so only a final PSR

11   was prepared without an initial draft.  The final PSR was

12   docketed on August 11, 2022.

13             The parties submitted sentencing memoranda

14   thereafter, and Glencore submitted the notice that we've

15   talked about this morning stating that it had resolved a

16   restitution request it had received by way of a private

17   confidential settlement.

18             I have reviewed all of these materials and I've

19   consulted with Officer Gray from the probation office.

20             Is there anything additional that the parties

21   believe I should have reviewed that I have not mentioned

22   this morning?  Attorney Francis?

23             MR. FRANCIS:  Nothing from the government, Your

24   Honor.

25             THE COURT:  Attorney Davies?

1              MR. DAVIES:  No, Your Honor.

2              THE COURT:  All right.  So, Attorney Davies,

3    have you read the presentence report?

4              MR. DAVIES:  I have, Your Honor.

5              THE COURT:  Did you go over it with your client?

6              MR. DAVIES:  I have, Your Honor.

7              THE COURT:  Was your client able to fully

8    understand it?

9              MR. DAVIES:  Yes, Your Honor.

10             THE COURT:  And is Ms. Driscoll the

11   representative for Glencore at this proceeding?

12             MR. DAVIES:  Yes, Your Honor.

13             THE COURT:  Okay.  Ms. Driscoll, have you read

14   the presentence report on behalf of Glencore?

15             MS. DRISCOLL:  I have, Your Honor.

16             THE COURT:  And did you discuss it with your

17   attorneys?

18             MS. DRISCOLL:  I did.

19             THE COURT:  Were you able to understand it?

20             MS. DRISCOLL:  Yes.

21             THE COURT:  And did you provide any comments

22   that you had on it to your attorneys for provision to the

23   U.S. Probation Office?

24             MS. DRISCOLL:  Yes.

25             THE COURT:  All right.  Attorney Davies, do you

1    have any objections to the factual statements in the

2    presence report?

3              MR. DAVIES:  I don't, Your Honor.

4              THE COURT:  All right.  Attorney Francis, have

5    you read the presence report?

6              MR. FRANCIS:  We have, Your Honor.

7              THE COURT:  Do you have any objections to the

8    factual statements contained therein?

9              MR. FRANCIS:  We do not.

10             THE COURT:  All right.  There being no

11   objections, then, to the factual statements contained in

12   the presence report, the court will adopt those factual

13   statements in the PSR as its findings of fact in this

14   case.

15             With respect to the maximum penalties, my

16   understanding is that Glencore faces the following maximum

17   penalties:  A maximum term of five years of probation, a

18   maximum fine of the greatest of $500,000 or twice the

19   gross pecuniary gain or gross pecuniary loss resulting

20   from the offense, a special assessment, mandatory, of

21   $400.  In addition, obviously, there is restitution and

22   forfeiture provisions that apply here, but they are not

23   statutory maximums that are applicable here.

24             So do the parties agree with my statement of the

25   maximum penalties of this case?  Attorney Francis?

1              MR. FRANCIS:  Yes, Your Honor.

2              THE COURT:  Attorney Davies?

3              MR. DAVIES:  Yes, Your Honor.

4              THE COURT:  Okay.  Then moving forward to the

5    Sentencing Guidelines, obviously one of the things that I

6    must consider here today is a body of advice called the

7    Sentencing Guidelines.  They are put out by the U.S.

8    Sentencing Commission and they provide me with guidance or

9    recommendations on what would be a fair and just sentence

10   in this particular case.

11             The guidelines examine the type of offense

12   involved, the various characteristics that sometimes

13   examine that offense, the criminal history or record of

14   the defendant, and a variety of other factors.  The end

15   result of that process of applying the guidelines in a

16   particular case results in a sentence involving a

17   corporate defendant usually a fine range that the

18   sentencing commission has decided would be appropriate in

19   a case like this one.

20             I'm obviously not bound by that range, but I

21   must figure out what the range is accurately, and I must

22   consider that range, along with other advice that the

23   commission gives me and several other factors when I

24   decide an appropriate sentence.

25             Here, obviously, I recognize that in accepting

1    the parties' plea agreement, I am bound by the stipulated

2    sentence in that plea agreement.

3         The PSR here set forth a guidelines calculation

4    that matched what had been agreed upon by the parties.

5    Specifically, the base offense level pursuant to

6    Sentencing Guidelines Sections 8C2.1, 8C2.3 and

7    2B1.1(a)(2) is six.  Because the gain was more than

8    $150 million, 26 levels are added.  Two additional levels

9    are added because the offense involved sophisticated

10   means.  This leads to an adjusted offense level of 34.

11        The base fine is determined by the pecuniary

12   gain to the organization from the offense under Section

13   8C2.4(a)(2), which in this case is $179,590,359.  The base

14   culpability score is five under Section 8C2.5(a).

15        Because the organization had 200 or more

16   employees and an individual within high level personnel

17   participated in, condoned, or was willfully ignorant of

18   the offense, three points are added.

19        Two points are deducted because Glencore

20   cooperated with the fraud section and the U.S. Attorney's

21   Office's investigation and demonstrated recognition and

22   affirmative acceptance of responsibility for its criminal

23   conduct.  This results in a culpability score of six.

24        The multipliers to the base fine range in this

25   case are 1.20 at a minimum and 2.40 at a maximum under the

1    guidelines, resulting in a fine range under Section 8C2.7

2    of $215,508,431 to $359,180,718.  That is the maximum fine

3    under Title 18, United States Code, Section 3571(d).

4         Does either counsel have any objections to that

5    calculation of the Sentencing Guidelines range?  Attorney

6    Francis?

7         MR. FRANCIS:  No, Your Honor.

8         THE COURT:  Attorney Davies?

9         MR. DAVIES:  No, Your Honor.

10        THE COURT:  Okay.  So at this time I will allow

11   counsel for Glencore to make any argument you wish to

12   present on Glencore's behalf.  As part of your remarks, I

13   would like you to address the fact that the plea agreement

14   provides for a three-year term of probation and your

15   sentencing memo provides for a five-year term of

16   probation.  I presume that is a typographical error, but I

17   would like to hear if it is not.

18        I would also like to learn a little bit more

19   about the parties' understanding concerning whether the

20   independent compliance monitor and ramped-up compliance

21   program is intended to be part of the court's sentence or

22   rather an agreement between the parties that is not --

23   will not be formally announced as the court's sentence.

24        Ms. Driscoll, after Attorney Davies or Attorney

25   Shapiro speaks, you would have a right to make a statement

1    on behalf of Glencore today if you wish, but you are not

2    required to say anything.  And then when the defense is

3    finished, I will hear from the government.

4            MR. DAVIES:  Thanks, Your Honor.  As you noted,

5    there is a typo in our submission.  It meant to say three

6    years, not five.

7            Our reasons for believing that the court should

8    approve the sentence as set forth in the agreement are

9    included in our submission.  On balance, we believe the

10    penalty in the aggregate is both fair to the government

11    and fair to the company.  The company has, of course,

12    accepted responsibility.  We believe that the sentence as

13    a whole conforms not just to the Sentencing Guidelines,

14    but also to department policy as we set out in our

15    submission and is consistent with prior precedent of --

16    from analogous cases.  So as a whole, we believe it's

17    quite clear that the sentence as proposed should be

18    approved by the court.

19            THE COURT:  Okay.  And do you know if --

20            MR. DAVIES:  Oh, and sorry, with respect to the

21    monitor, we don't believe the monitor needs to be set

22    forth in the sentence.  We believe that's part of the

23    agreement between the government and the company going

24    forward.

25            THE COURT:  Okay.  And does Glencore wish to

1   make a statement?

2          MS. DRISCOLL:  I have nothing to add.

3          THE COURT:  Okay, thank you.  All right.

4   Attorney Francis, I'm interested in hearing from you about

5   why you believe the sentence is appropriate.  I'd also

6   like to learn a bit more about the statement in your

7   sentencing memo where you represented that market

8   manipulation of this type can have ripple effects down

9   through the economy.  Specifically, I'd presume, for

10   instance, if the price of shipping oil is artificially

11   high, then those costs might ultimately be passed onto

12   consumers in some form, but I'd be interested in sort of

13   flushing out the idea of ripple effects on the economy

14   that you've briefly mentioned in your sentencing memo.

15          MR. FRANCIS:  Yes, Your Honor.  May I have one

16   moment?

17          THE COURT:  Sure.

18          MR. SULLIVAN:  Your Honor, Matt Sullivan from

19   the DOJ, just to address Your Honor's question about the

20   ripple effects to the economy.  I think Your Honor is

21   right in the way that you're thinking about it, that the

22   product at issue here is fuel oil that is used by tanker

23   ships, container ships, cruise ships, and so that if, you

24   know, for instance, the cruise line is buying something at

25   an artificially high price, you know, that -- presumably

1    that cost then is kind of diffused and passed on, you

2    know, by that company, and so I think that's the right

3    rubric to think about the ripple effect that the

4    government mentioned in its sentencing memorandum.

5         THE COURT:  Okay, thank you.

6         MR. SULLIVAN:  Thank you.

7         THE COURT:  Attorney Francis?

8         MR. FRANCIS:  More broadly, Your Honor,

9    corporate resolutions of this nature regarding conduct

10   dating back years are extremely labor intensive to

11   negotiate.  That in and of itself is not a sufficient

12   reason for Your Honor to impose this sentence.  However,

13   the government came into this with a very full factual

14   record, the assistance of a cooperator, and was able to

15   put its best evidence into the analysis in deciding

16   whether or not to enter into this particular corporate

17   resolution.

18        This imposes both punishment for Glencore's past

19   misdeeds, as well as with a view towards the future of a

20   monitor, as well as compliance -- a new compliance

21   program, which are reflected in Attachments D and C

22   respectively to the plea agreement, and as well as impose

23   cooperation and reporting obligations on Glencore.  So the

24   government is not simply extracting a pound of flesh and

25   leaving, but actually attempting to change Glencore's

1    corporate conduct moving forward.

2          For those reasons, I think -- and the

3    government's position as set forth in our sentencing

4    memorandum is this is an appropriate resolution under

5    3553(a) and is sufficient, but not greater than necessary,

6    to effectuate the policy interests that are set forth in

7    that statute.

8          And just for housekeeping purposes, of course we

9    don't dispute three years was the term agreed upon in the

10   plea agreement, and the independence compliance monitor is

11   not a term that we're asking as part of probation.  That

12   is a separate contractual agreement between the parties.

13   However, I'll just note that paragraph 21(f) of the plea

14   agreement, which sets forth the terms of probation, does

15   say that paragraphs 10 and 11, which are the -- impose on

16   Glencore an obligation to cooperate and an obligation to

17   make reporting to the department under certain

18   circumstances are to be part of the terms of probation.

19   Those things can sound a little bit like they sort of echo

20   some of the compliance -- what's talked about in

21   Attachment C and D, but they are distinct.

22          THE COURT:  Okay, thank you.

23          MR. FRANCIS:  Thank you.

24          THE COURT:  Has the one individual defendant

25   who's been charged in this sort of suite of resolutions

1  been sentenced yet?  I think I saw reference to a

2  sentencing the first week of October.

3          MR. FRANCIS:  It's been continued, I'm told.

4          THE COURT:  Okay.  All right.  Okay.  Thank you

5  to both parties for your remarks.  At this time I will

6  accept the plea agreement that was entered into between

7  the United States and Glencore at the plea agreement -- at

8  the plea hearing on May 24, 2022 as binding on the court.

9          It appears to be the product of considerable

10  negotiation and thought, and the sentence that it proposes

11  takes into account not only the factors set forth in

12  Section 3553(a), but also the factors set forth in chapter

13  8 of the sentencing guidelines manual concerning the

14  sentencing of organizations, which are all things that I

15  have to consider in determining what an appropriate

16  sentence is in this case.

17          Specifically, the stipulated sentence considers

18  the nature and seriousness of the offense conduct by

19  taking into account that Glencore manipulated two fuel oil

20  benchmark price assessments for a period of years,

21  concluding in 2019, and that this occurred in part while

22  Glencore was aware it was under active investigation for

23  the same conduct by the Commodities Futures Trading

24  Commission beginning in 2015.

25          It takes into account that the criminal conduct

1   was undertaken with the knowledge and consent of and it

2   appears the active direction of a fairly high level

3   executive, and that the criminal conduct artificially

4   impacted the price for fuel oil cargo ships and other

5   vessels in two of the nations busiest commercial shipping

6   ports, resulting in unlawful gains of more than

7   $144 million to Glencore and more than $179 million to all

8   co-conspirators.

9          The stipulated sentence also recognizes that

10  Glencore did not receive voluntary disclosure credit

11  because it did not voluntarily and timely disclose its

12  criminal conduct to the Department of Justice, but it did

13  receive credit for cooperation under the guidelines for

14  affirmative acceptance and responsibility for the criminal

15  conduct, and Glencore did produce voluminous documents to

16  avoid delays in the investigation and engaged in a

17  data consulting -- engaged with a data consulting firm to

18  analyze trading activity and presented that analysis to

19  the government.  Glencore also provided the government

20  with all relevant facts known to it.

21         This sentence also takes into account that

22  although Glencore did not receive full credit for its

23  cooperation because it presented its data analysis only

24  after the government's investigation was substantially

25  complete and did not proactively identify any important

1    information or documents from the government and did not

2    otherwise make regular and detailed factual presentations

3    to the government, it still received some benefit for the

4    cooperation that it did engage in with the government.

5         The stipulated sentence further takes into

6    account that Glencore had an inadequate and ineffective

7    compliance program during the period in question, but has

8    improved its compliance program and has agreed to an

9    independence compliance monitor and a more robust

10   compliance program as part of the sentence.

11        And finally, the stipulated sentence recognizes

12   that Glencore had no prior criminal history and only a

13   limited history of regulatory enforcement action before

14   this suite of actions took place in May of 2022.

15        So in light of these reasons, the stipulated

16   sentence is sufficient, but not greater than necessary, to

17   achieve the purposes of sentencing set forth in Section

18   3553(a).  The stipulated sentence will adequately deter

19   Glencore and hopefully other similarly-situated

20   organizations from engaging in behavior like this in the

21   future, and it will provide just punishment for the market

22   manipulation that Glencore engaged in with relative

23   impunity for a period of years.

24        The market manipulation that Glencore engaged in

25   not only undermines confidence in the commodity markets,

1    but also can have ripple effects on other areas of the

2    economy as the government has explained.  Profiting from

3    such manipulation to the tune of nearly $180 million is

4    unquestionably serious and deserving of significant

5    financial punishment, and a fine that is only a five

6    percent reduction from the statutory maximum is such a

7    significant punishment, particularly when combined with

8    forfeiture of more than $144 million.

9           I also take seriously Glencore's commitments to

10   engaging an independent compliance monitor and increasing

11   the robustness of the compliance program going forward.

12          So at this point I will turn to imposition of

13   the sentence.  In accordance with the binding plea

14   agreement, I hereby sentence Glencore to the following:

15          Number one, a fine of $341,221,682, which is

16   calculated based on a five-percent discount from the

17   statutory maximum amount due to Glencore's cooperation in

18   the investigation, and that fine shall be paid within ten

19   business days of the entry of judgment.

20          Number two, forfeiture in the amount of

21   $144,417,203, which represents the full amount of

22   Glencore's unlawful gains from the scheme and which is to

23   be paid no later than ten business days after the entry of

24   judgment.  The forfeiture amount plus any associated

25   transfer fees must be paid pursuant to the payment

1    instructions provided by the United States with 35 million

2    of the forfeiture amount to be paid into the United States

3    Postal Inspection Service Consumer Fraud Fund.  The

4    parties shall prepare a proposed final order of forfeiture

5    for the Court's signature by September 27, 2022.

6              As provided in the plea agreement, fifty percent

7    of the fine and fifty percent of the forfeiture amounts

8    totaling $242,819,442 will be offset by any payment made

9    by Glencore pursuant to the May 24, 2022 order and

10   settlement between Glencore and the Commodities Futures

11   Trading Commission.

12             Glencore will also be subject to a three-year

13   term of probation.  The standard and recommended

14   conditions of probation are as follows:

15             First, Glencore shall not commit any other

16   federal, state or local crime during the term of

17   probation.

18             Second, Glencore shall notify the court or

19   probation officer immediately upon learning of, A, any

20   material adverse change in its business or financial

21   conditions or prospects or, B, the commencement of any

22   bankruptcy proceeding, major civil litigation, criminal

23   prosecution or administrative proceeding against the

24   organization, or any investigation or formal inquiry by

25   governmental authorities regarding the organization.

1          I'm seeing maybe some surprised looks with that

2     particular condition.  That is a recommended condition in

3     the guidelines.  I will hear from the parties if there is

4     any objection to imposition of that particular condition,

5     and I will point you to where it comes from.

6               MR. DAVIES:  Sorry.  Just a minute, Your Honor.

7               THE COURT:  So it comes from 8D1.4(b)(4).

8               MR. DAVIES:  Your Honor, as the government is

9     aware and as we've noted in various parts of the

10    submissions before Your Honor, there are other ongoing

11    parallel investigations currently.  I don't know how that

12    would affect the reporting obligation that you just

13    recited or whether this is with respect to unrelated

14    matters, but I think it would be helpful to tease that out

15    a little bit because I want to make sure that we're not

16    coming back to you now with reporting on matters that are

17    known to the government and that we are presently, you

18    know, working through in other jurisdictions.

19              THE COURT:  Okay.  That's fair, and I'm sort of

20    thinking through what I know of the history of this case

21    and that there are lots of moving pieces at the same time.

22    Would the parties have any objection to only the first

23    part of that condition being imposed, which is that

24    Glencore shall notify the court or probation officer

25    immediately upon learning of any material adverse change

1    in its business or financial condition or prospects?

2              MR. DAVIES:  No objection to that, Your Honor.

3              THE COURT:  Okay.  And, Attorney Francis, any

4    objection to only that first part being imposed?

5              MR. FRANCIS:  No objection.

6              THE COURT:  All right.  So I will modify the

7    sentence.  The second part of what I had previously

8    announced concerning notification to the court or

9    probation office about any of the types of litigation I

10   had previously discussed will not be imposed as part of

11   the judgment.  Only the recommended condition from Section

12   8D1.4(b)(4)(A) shall be imposed, specifically Glencore

13   shall notify the court or probation officer immediately

14   upon learning of any material adverse change in its

15   business or financial condition or prospects.

16             MR. DAVIES:  Thank you, Your Honor.

17             THE COURT:  Sure.  And finally, Glencore shall

18   pay the fine and forfeiture amounts within ten business

19   days of the entry of judgment.

20             There are obviously a number of special

21   conditions agreed upon by the parties in paragraphs 10 and

22   11 of the plea agreement.  Ordinarily I would read all of

23   the special conditions into the record, but given how

24   detailed they are, are the parties willing to waive a

25   reading of those conditions with the understanding that

```
 1   they will be incorporated into the judgment?
 2             MR. FRANCIS:  Yes, Your Honor.
 3             MR. DAVIES:  Yes, Your Honor.
 4             THE COURT:  All right.  Thank you.  There will
 5   also be a mandatory special assessment of $400 to be paid
 6   today.
 7             I do not impose restitution because it's my
 8   understanding that Glencore has reached a settlement
 9   agreement with the one victim that came forward with a
10   restitution request and that the loss amount resulting
11   from the offense otherwise cannot be reasonably determined
12   such that a restitution amount cannot be calculated for
13   any other potential victims.
14             Officer Gray, have I overlooked anything or do
15   you have any further comment?
16             MS. GRAY:  No, I don't, Your Honor.
17             THE COURT:  All right.  Attorney Francis, have I
18   overlooked anything or is there anything more I need to
19   say?
20             MR. FRANCIS:  No, Your Honor.  Thank you.
21             THE COURT:  Attorney Davies?
22             MR. DAVIES:  No, Your Honor.
23             THE COURT:  All right.  Then the sentence that I
24   set forth is hereby imposed as the sentence in this case.
25   The judgment of the court will be prepared for my
```

1    signature by the clerk's office in consultation with the

2    U.S. Probation Office.

3           In the process of doing so, if the parties are

4    able to provide just a written version of all the

5    conditions of probation that can be drawn from paragraphs

6    10 and 11 and send that to Officer Gray, that would be

7    helpful so I can incorporate it into the judgment.

8           With respect to appeal rights under the plea

9    agreement, Glencore agreed not to appeal or collaterally

10   attack the sentence if it fell under the relevant

11   statutory maximums.  I believe that the sentence I have

12   imposed does fall below each of those thresholds.

13   Nevertheless, if Glencore wished to appeal, it must file a

14   written notice of appeal within 14 days of entry of the

15   judgment.  And as I advise all parties, if Glencore wishes

16   to appeal but cannot afford to do so, it may apply for

17   leave to proceed in forma pauperis.  If the motion is

18   granted, the court would waive the filing fee and would

19   appoint a lawyer to represent the corporation at no cost

20   to Glencore.

21          Ms. Driscoll, do you understand the appeal

22   rights that you have?

23          MS. DRISCOLL:  I do, Your Honor.

24          THE COURT:  All right.  Is there anything

25   further I should take up from the government's

1    perspective?

2            MR. FRANCIS:  Nothing from the government.

3            THE COURT:  Anything further from Glencore's

4    perspective, Mr. Davies?

5            MR. DAVIES:  Nothing from our perspective, Your

6    Honor.

7            THE COURT:  Thank you.  All right.  So I'll look

8    forward to receiving the proposed final order of

9    forfeiture from the parties, as well as the special

10   conditions to be sent to Officer Gray, and we will stand

11   in recess.  Thank you.

12           MR. FRANCIS:  Thank you, Your Honor.

13           MR. DAVIES:  Thank you, Your Honor.

14           THE CLERK:  All rise.  The Honorable United

15   States District Court is now in recess.

16                (Proceedings ended at 10:30 a.m.)

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T E

2    I, Denae L. Hovland, RPR, CRR, RMR, Official Court

3    Reporter for the United States District Court for the

4    District of Connecticut, do hereby certify that the

5    proceedings of a hearing which was held in the

6    above-entitled action on September 23, 2022, were recorded

7    by Denae L. Hovland by stenograph; that thereafter I

8    transcribed in typewriting the foregoing transcript to the

9    best of my ability; that the foregoing transcript

10   constitutes a true and accurate transcription of the

11   proceedings of such hearing.

12

13   _Denae L. Hovland_____
     Denae L. Hovland, RPR, CRR, RMR

14   Official Court Reporter
     United States District Court

15   450 Main Street
     Hartford, CT  06103

16

17

18

19

20

21

22

23

24

25